1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  CATAMOUNT PROPERTIES 2018, LLC,  Case No. 19-cv-08123-EMC
8   Plaintiff,
9   v.  **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
10 CECILLE Q. PAED,  Docket No. 5
11  Defendant.
12
13

In July 2019, Plaintiff Catamount Properties 2018, LLC initiated this lawsuit against Cecille Q. Paed in state court. Catamount asserted a single claim for unlawful detainer. In October 2019, the state court issued a judgment – by default – in favor of Catamount. *See* Reyes Decl. ¶ 5 & Ex. 1 (judgment). Some two months later, Ms. Paed filed a notice of removal, purporting to remove the state court action to federal court. Now pending before the Court is Catamount's motion to remand. Having considered the papers submitted (Ms. Paed did not file an opposition), the Court hereby finds this matter suitable for disposition without oral argument and therefore **VACATES** the hearing on the motion. The motion to remand is **GRANTED**.

As an initial matter, the Court notes that it is not clear that the removal was timely made. The complaint was filed in July 2019. Presumably, service of the complaint was effected at or about that time, after which Ms. Paed had 30 days to remove. *See* 28 U.S.C. § 1446(b)(1) (providing that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based"). Ms. Paed, however, did not remove the instant case until December 2019. *See* Docket No. 1 (notice of removal).

Furthermore, removal is generally not possible where the state court, as here, has issued a judgment (admittedly, by default) in October 2019. *See Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."); *see also Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) ("We find the reasoning of our sister circuits persuasive and hold that, insofar as Allen attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment."); *Oviedo v. Hallbauer*, 655 F.3d 419, 423-24 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."). *But see Holmes v. AC&S, Inc.*, 388 F. Supp. 2d 663, 671 (E.D. Va. 2004) ("[A] final judgment of a state court generally precludes removal of a matter to federal court because the final judgment of the state court is binding on the federal court and an ending of the case in the state court results in there being nothing to remove to federal court. This general proposition, however, is subject to certain exceptions based on the nature of the proceedings in the state court and the federal statute relied upon in support of removal.").

For purposes of the instant motion, however, the Court need not rule definitively on timeliness of removal or propriety of removal after the state court judgment. This is because, even assuming that those issues run in Ms. Paed's favor, her removal was improper for independent reasons.

More specifically, a defendant may generally remove a case only if the district court would have original jurisdiction – *i.e.*, diversity jurisdiction or federal question jurisdiction – over the case. *See* 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the

defendant or the defendants"). Ms. Paed has failed to show that there is either diversity or federal question jurisdiction.

First, as to diversity jurisdiction, there must be complete diversity between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a) (providing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"). Here, Ms. Paed has not shown that the amount in controversy exceeds $75,000. Catamount's complaint indicates that the damages it seeks are $6,250 per month (*i.e.*, the reasonable rental value of the premises), starting approximately June 29, 2019. Thus, even by today's date, damages have not exceeded $75,000. Moreover, even if the amount-in-controversy requirement had been met, as well as the requirement of complete diversity, there would be another problem with removal.

More specifically, where the basis of jurisdiction is diversity jurisdiction, the U.S. Code specifies that removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1442(b)(2). Here, it appears that Ms. Paed is a citizen of California. Therefore, under § 1442(b)(2), she is not permitted to remove on the basis of diversity jurisdiction.

Second, with respect to federal question jurisdiction,

> [t]he question of whether a claim "'arises under' federal law is determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983)). "It is settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting Franchise Tax Bd., 463 U.S. at 8).

*Sangimino v. Bayer Corp.*, No. C 17-01488 WHA, 2017 U.S. Dist. LEXIS 89152, at *3-4 (N.D. Cal. June 9, 2017); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (stating that "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer'"); *Lin v. Jamison*, No. 18-cv-07216-KAW, 2018 U.S. Dist.

3

LEXIS 212227, at *4 (N.D. Cal. Dec. 17, 2018) (in an unlawful detainer case, stating that "a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal"). In the instant case, it is clear that Catamount has brought a state law claim only for unlawful detainer. No federal claims are asserted. Ms. Paed cannot invoke federal question jurisdiction simply because she has a defense predicated on federal law. Moreover, even if she were to assert a federal counterclaim against Catamount, that does not create federal question jurisdiction. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (rejecting defendant's argument that "case was properly removed because a federal question was raised in its counterclaim"; "'removability cannot be created by defendant pleading a counter-claim presenting a federal question'").

Accordingly, for the reasons stated above, the Court grants Catamount's motion to remand. The Clerk of the Court shall remand this case back to the state court from which it was removed. In light of the remand, the Clerk of the Court is also directed to close the file in this case.

This order disposes of Docket No. 5.

**IT IS SO ORDERED**.

Dated: February 25, 2020

_____
EDWARD M. CHEN
United States District Judge

4